IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE MCMANAMY,                          )
                                          )
         Plaintiff,                       )        Civil Action No.
                                          )
         v.                               )
                                          )
SELECT MEDICAL CORPORATION and  )
RICHARD COSGROVE, individually,    )        JURY TRIAL DEMANDED
                                          )
         Defendants.                      )        Electronically Filed.

<u>COMPLAINT IN A CIVIL ACTION</u>

COMES NOW the Plaintiff, LESLIE MCMANAMY, by and through her

attorneys, LAW OFFICES OF JOEL SANSONE and JOEL S. SANSONE, ESQUIRE,

and MURTAGH & HOBAUGH and ADAM K. HOBAUGH, ESQUIRE, and JOHN W.

MURTAGH, JR., ESQUIRE, and brings this COMPLAINT IN A CIVIL ACTION of

which the following is a statement:

<u>PARTIES</u>

1.       Plaintiff, Leslie McManamy, is an adult female, aged 55, residing in the

Commonwealth of Pennsylvania.

2.       Defendant, Select Medical Corporation, is a Delaware corporation with its

principal offices located at 4714 Gettysburg Road, Mechanicsburg, Pennsylvania 17055.

At all times relevant hereto, the Defendant was acting through its agents, subsidiaries,

officers, employees and assigns acting within the full scope of their agency, office,

employment or assignment.

3.       Defendant, Select Medical Corporation, is and at all times relevant hereto has

been an employer in an industry affecting commerce within the meaning of Section

701(b) of the Civil Rights Act of 1964 (as amended), 42 USC 2000(e)(b), and is thus covered by the provisions of Title VII.

4.      Defendant, Richard Cosgrove, aider and abettor, is an adult citizen of the Commonwealth of Pennsylvania and an employee of the Defendant company.

JURISDICTION AND VENUE

5.      This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment on account of age and sex, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, 29 U.S.C.A. §621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended)("Title VII") and the Civil Rights Act of 1991 (as amended), as well as pendent state law claims.  Declaratory relief is sought under and by virtue of Title 28 U.S.C. §§2201 and 2202.  Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

6.      All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

7.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

> A.      Plaintiff filed a charge for age and sex discrimination with the Equal Employment Opportunity Commission ("EEOC")  on or about January 17, 2014, at charge number 533-2014-0045, and

said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

B.    The EEOC issued a Notice of Dismissal and Right to Sue Letter dated August 21, 2014;

C.    Plaintiff's Complaint is timely filed within 90 days of receipt of the Notice of Dismissal and Right to Sue being received.

8.    A **JURY TRIAL** IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

<u>FACTS</u>

9.    Plaintiff was employed by the Defendant company from on or about August 8, 2005, until her unlawful termination on or about January 3, 2014.  During her employment with the Defendant company, Plaintiff held various positions, the last of which was clinical liaison.

10.    Plaintiff was highly qualified for the position from which she was terminated. Moreover, Plaintiff performed her job in a satisfactory or better manner during her entire employment with the Defendant company.

11.     On January 3, 2014, the Plaintiff was informed by her immediate supervisor, Richard Cosgrove, that she had been terminated from her employment.  The only reason given by Mr. Cosgrove for the termination was that Plaintiff was "not a good fit" for her position.

12.    Plaintiff was replaced in her position by a male, John Soles. Mr. Soles is more than twenty years younger than Plaintiff, as well as less qualified than Plaintiff to perform the duties of her former position, and less experienced than the Plaintiff in that position, as well as with the Defendant company and its practices and procedures.

13.     Mr. Cosgrove, the aider and abettor here, inexplicably placed Plaintiff on a performance improvement after acting as her immediate supervisor for only a very brief period of time.

14.     At the time that Mr. Cosgrove placed Plaintiff on this pretextual performance improvement plan, he had not worked with Plaintiff for any significant length of time sufficient for him to form an opinion regarding Plaintiff's skills, abilities or work performance.  Nevertheless, his performance review of the Plaintiff rated her as overall unsatisfactory, giving Plaintiff six different ratings in the unsatisfactory category.

15.     Prior to Mr. Cosgrove becoming her supervisor, Plaintiff's performance was always rated as satisfactory or better, and she always received all available merit increases.

16.     The reasons given for Plaintiff's termination are pretextual as she was performing in this position for a long period of time in a satisfactory or better manner, and because the individual Defendant who indicated that her performance was unsatisfactory did not have contact with Plaintiff sufficient to form any opinion about her performance, including a negative opinion.


COUNT I:

AGE DISCRIMINATION

17.     Plaintiff incorporates by reference Paragraphs 1 through 16 as though fully set forth at length herein.

18.     As described hereinbefore above, the Plaintiff was terminated by the Defendants because of her age, in violation of the ADEA, 29 U.S.C. Section 623 (a)(1), et seq., and the

PHRA, 43 P.S. Section 955.  Specifically, the reason provided by the Defendants for Plaintiff's termination is pretextual and unworthy of belief.

19.     As a direct result of the Defendants' discriminatory actions, and in violation of the ADEA and the PHRA, Plaintiff has lost wages and other economic benefits of her employment with the Defendant company.  In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights.  Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

20.     The actions of the Defendants as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of ADEA;

b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c.     that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of ADEA;

d.     that the Court order the Defendants to reinstate the Plaintiff to the position she held before she was discriminated against and/or to the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative award the Plaintiff front pay damages; or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

e.     that the Court award the Plaintiff compensation for any lost salary, wages and benefits from the date of discrimination;

  f.  that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

  g.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  h.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

SEXUAL (GENDER) DISCRIMINATION

21. Plaintiff incorporates by reference Paragraphs 1 through 20 as though fully set forth at length herein.

22. As described hereinbefore above, Plaintiff was discriminated against based upon her sex in that she was terminated from employment and replaced by a younger, less experienced, less qualified male.

23. As a direct result of the Defendants' discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

24. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct as described above.

25. The actions of the Defendants as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

26.     The actions on part of the Defendants are part of a plan, practice or pattern of discrimination which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b.       that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' violation of the Civil Rights Act of 1991;

c.      that the Court order the Defendants to reinstate the Plaintiff to the position to which she would have been entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

d.      that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits from the date of discrimination;

e.      that the Court order the Defendants to pay pre and post-judgment interest on any award given to the Plaintiff;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PHRA VIOLATIONS

27.     Plaintiff incorporates by reference Paragraphs 1 through 26 as though fully set forth at length herein.

28.     This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this third Count arises out of the same facts, events and circumstances as the first and second Counts and, therefore, judicial economy and fairness to the parties dictate that this Count be brought in the same Complaint.

29.     By discriminating against the Plaintiff without just cause or legal excuse and because of her age and sex, and/or by aiding and abetting such acts, Defendants violated the provisions of Title 43 P.S. 955, which prohibits employment discrimination based upon age.

30.     The Defendants' actions in discriminating against the Plaintiff, as aforementioned, were taken and done despite the Plaintiff's experience and qualifications which made her the best able and most competent employee to provide services for the Defendant company in a number of available positions, including, but not limited to, the position she held at the time of the events complained of heretofore.

31.     As more fully set forth in Counts I and II, the Plaintiff has suffered, directly and solely as a result of the Defendants' discriminatory actions, great pecuniary loss and damage, and will continue to suffer the same for the indefinite future.

        WHEREFORE, the Plaintiff respectfully prays that judgment be entered in her

favor and against the Defendants for all of the relief sought in Counts I and II, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

A JURY TRIAL IS DEMANDED TO THE EXTENT THE SAME MAY HEREAFTER BE PERMITTED BY LAW.

Respectfully submitted,


s/Joel S. Sansone
Joel S. Sansone, Esquire
PA I.D. No. 41008
Scanlon & Sansone
2300 Lawyers Building
Pittsburgh, Pennsylvania 15219
(412) 281-9194


s/John W. Murtagh, Jr.
John W. Murtagh, Jr., Esquire
PA ID No. 16726
Murtagh & Cahill
110 Swinderman Road
Wexford, Pennsylvania 15090
(724) 935-7555


s/Adam K. Hobaugh
Adam K. Hobaugh, Esquire
Murtagh & Cahill
110 Swinderman Road
Wexford, Pennsylvania 15090
(724) 935-7555


Dated:  October 28, 2014